AMY, J.,
dissenting.
hi respectfully dissent from the majority review as I find that an affirmation is appropriate. Certainly, the requirements for the issuance of a temporary restraining order without notice were not met in this case. See La.Code Civ.P. art. 3603(A). Moreover, I do not conclude that any type of actual notice the defendants may have received at the time the bond was perfected satisfied the notice requirement. Simply, and as evidenced by Article 3603(A), the notice requirement stems from the adverse party’s opportunity to be heard before the issuance of the order.
Furthermore, I do not find that La.Code Civ.P. art. 3608 permits an award of attorney fees incurred only for the dissolution of a temporary restraining order. Rather, Article 3608 broadly permits “damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand.” Thereafter, it'instructs that “[attorney’s fees for the services rendered in connection with the dissolution of a restraining order ... may be included as an element of damages.” In my opinion, the fact that the TRO was ultimately dissolved upon the parties’ joint motion is not dispositive. Rather, the TRO was obtained contrary to the notice requirements of La.Code Civ.P. art. 3603(A), resulted in the defendants being subject to that order, and prompted the defendants to incur attorney fees to chai-lenge the TRO before its expiration and/or | ⅞before the TRO was dissolved by joint motion. Thus, in my opinion, the trial court did not abuse its discretion in awarding costs and associated attorney fees.
For these reasons, I respectfully dissent.